Green, J.
delivered the opinion of the court.
This is an action of trover, brought by Watson against Trotter, for a negro man slave and a cotton gin. The property sued for was conveyed by B. F. Reddick to Watson, in *512 trust, to secure certain debts therein mentioned. Before the period specified in the deed for the trustee to take possession of and sell the property under the deed, several judgments in behalf of other creditors were obtained against Reddick, upon which executions issued, and were levied by a deputy of Trotter, the defendant below, (who is sheriff of Fayette county;) upon the property in dispute, and the same was sold. This suit is brought by Watson, the trustee, against the sheriff, to recover the property so seized and sold.
On the trial in the circuit court there was much evidence introduced, for the purpose of attacking the deed of trust, as having been made to defraud creditors.
The court charged the jury: “That if the deed were made for the benefit of Reddick, or to hinder, delay, or defeat creditors, it would be void; that if the property sued for were converted by the defendant, the plaintiff, if the property belonged to him, would be entitled to recover, unless the deed were shown to be fraudulent; that there were what was called badges of fraud — conveying all a man’s property, or a deed to a relative, were badges of fraud; that another deed between the same persons about the same time, which was fraudulent, would be a badge of fraud as to the deed in question. So, if the property conveyed remained in the possession of the debtor after the time appointed by the deed for payment, it would be a badge of fraud; and that these badges of fraud might be rebutted, by proving that the deed was made for a bona fide valuable consideration.”
The foregoing paragraph of the charge of his honor, the circuit Judge, is objected to as erroneous. Il is insisted that the concluding sentence in which it is said, “these badges of fraud may be rebutted by proving that the deed was made for a bona fide valuable consideration,” asserts that, if a full price was paid for the property, that would rebut the evidence of fraud deducible from all the badges of it, which had been enumerated by the court.
It is certainly true, if this be the sense and meaning of the charge, it would be erroneous; for, although a full price may have been paid, if the deed was designed to defeat creditors, it would be fraudulent and void. But we do not understand *513 the court as tbe counsel for tbe plaintiff in error construes it. His honor had stated in the beginning of the paragraph, that if the deed were made for the benefit of Reddick, or to hinder, delay or defeat his creditors, it would be void. After making that statement, he goes on to tell the jury what were the badges of fraud; and concludes by saying they may be rebutted by proof that the deed was made for a bona fide valuable consideration. We must take into view the entire paragraph, in order to see clearly the meaning of its several parts; and when the Judge says that proof of a bona fide valuable consideration will rebut the badges of fraud, we are not to understand him as saying, that the mere payment of the value of the property will repel the conclusion that the deed could be fraudulent. On the contrary, he told them it would be void if made for the benefit of Reddick, or to hinder, delay or to defeat his creditors. This is stating the true doctrine broadly, and he cannot be supposed to intend to contradict it in the concluding sentence.
But what is the true import of the sentence objected to, if taken alone? The Judge says that badges of fraud are repelled by proof that the deed was made for a “bona fide valuable consideration.” If considerations of good faith and value paid, moved the parties to make the deed, how can it be assumed that they were under the influence of corrupt, fraudulent motives? If the intent was to hinder, delay and defeat creditors, it was not bona fide. Therefore, the meaning of the sentence objected to is, that if the deed be proved to have been made in good faith for a valuable consideration, such evidence rebuts and repels all inferences from the existence of the facts, usually considered badges of fraud.
2. It is also objected, that the court told the jury, that evidence of Reddick’s statements, after the execution of the deed, were not evidence, except so far as they might affect his credibility as a witness in the cause.
In this statement there is no error. If a party make a deed and retain the'possession of the property, inconsistently with the terms of the deed, his statements in reference to the ownership, or contract or terms upon which he holds possession of the property, may be received as part of the res gesta. In *514 such case, his possession of the property is a badge of fraud, which of itself connects him with the claimant in the suspicion of a confederacy to defeat creditors. His declarations, therefore, in relation to the property, and the character of his possession of it, become part of the thing doing, and, as such, is evidence. But here, the party who made the deed was rightfully in possession when the declarations were made. However fraudulent the purpose was, if the cestui que trust had no knowledge of it, and consequent participation in it, he could not be affected by it. And if he had permitted Reddick to retain possession until the time appointed for payment, such possession was consistent with the deed, and furnished no evidence of fraud. Under such circumstances, to permit the declarations of Reddick, after the deed was made, to be evidence to defeat it, would render it unsafe for any man to purchase property from one who may be in debt. For, after a sale, however fair, and the reception of the consideration, he might, by his declarations, defeat the purchaser’s title, and cause the property, he had fairly sold, to pay one of his own debts. Such a doctrine would furnish temptation to bad men, to make false statements for their own interest.
The jury found a verdict for the plaintiff; and, in view of the conflicting proof upon this record, they certainly have not acted rashly. We cannot, therefore, disturb the verdict.
Affirm the judgment.